IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MORGAN AIKEN III,<br><br>Plaintiff,<br><br>vs.<br><br>CATHERINE M.R. CASTRO and EDWARD CASTRO,<br><br>Defendants. | Superior Court Case No. <u>CV0084-19</u><br><br>**DECISION AND ORDER**<br>**RE**<br>**MOTION TO DISMISS** |

The Court here considers Defendants Catherine M.R. Castro and Edward Castro's Motion to Dismiss under Guam Rule of Civil Procedure 12(b)(1). Finding that the matter is not mooted by a related unlawful detainer case, the Court DENIES the Motion.

## I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff Morgan Aiken III filed a Complaint for Breach of Contract, Harassment, and Specific Performance on January 25, 2019, but did not serve the Castros until July 23, 2019. During that time, the Castros filed an unlawful detainer action against Morgan Aiken and Tomoko Aiken. *Castro et al. v. Aiken et al.*, CV0244-19 (Compl. V. Unlawful Detainer, Mar. 11, 2019). The unlawful detainer action involved the same rental agreement at issue in this case.

During the unlawful detainer hearing, Magistrate Judge Jonathan R. Quan heard evidence from both parties concerning disputes over the rental agreement. However, aware of the pending case in this Court, Magistrate Judge Quan expressly stated that he would only address whether the Aikens had to vacate the rental property. CV0244-19 (Minute Entry, Mar. 18, 2019). He refused to address any issues concerning the recovery of money. *Id.* Ultimately finding that the

ORIGINAL

Aikens had violated several material terms of the lease, Magistrate Judge Quan ordered them to vacate and deliver possession of the rented property to the Castros. CV0244-19 (J., Mar. 21, 2019).

The Castros seek to dismiss this action as moot under Guam Rule of Civil Procedure 12(b)(1). Aiken argues this case involves breach of contract and harassment claims that Judge Quan never addressed and therefore the case is not moot.

## II.  LAW AND DISCUSSION

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Facial attacks question the allegations contained in a complaint as sufficient on their face to invoke jurisdiction, while factual attacks dispute the truth of the allegations themselves as sufficient to invoke jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The Castros argue that Rule 12(b)(1) applies because "the case no longer presents a live controversy or a possibility that Plaintiff can obtain the relief sought" and therefore the Court lacks subject matter jurisdiction. Defs.' Mot. Dismiss at 4 (Aug. 15, 2019). Because the Castros do not argue that the Court's jurisdiction depends on the resolution of a factual dispute, but instead on the mootness of Aiken's allegations, the Court finds the Castros' Motion is a facial attack. For a facial attack, the Court accepts all facts pled in the Complaint as true and draws all reasonable inferences in favor of Aiken. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

However, because "[m]ootness can be characterized as the doctrine of standing set in a time frame," *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003), Aiken bears the burden of establishing standing. *Benavente v. Taitano*, 2006 Guam 15 ¶ 15; *see also Lujan v. Defs. of*

*Wildlife*, 504 U.S. 555, 561 (1992). He must plead sufficient facts showing injury in fact, causation, and redressability. *Benavente*, 2006 Guam 15 ¶ 15.

At issue here is redressability because the Castros argue that Aiken cannot obtain the relief sought, so the matter is moot. "The test for mootness is whether the issues involved in the trial court no longer exist because intervening events ... [have] render[ed] it impossible for the [reviewing] court to grant the complaining party effectual relief." *Rapadas v. Benito*, 2011 Guam 28 ¶ 16 (quoting *Tumon Partners, LLC v. Shin*, 2008 Guam 15 ¶ 37) (internal citations omitted).

The Court agrees that it cannot grant some of the relief Aiken seeks because the unlawful detainer action ordered the Aikens to vacate the property. For example, Aiken seeks possession of the rented property in its entirety and several amendments to the parties' lease. Compl. (Jan. 25, 2019). However, Aiken also seeks payment of his legal fees, reimbursement for several rental payments, the return of his security deposit, reimbursement of fees paid to repair a water leak, and the costs associated with relocating. Compl.; Addendum (July 23, 2019). As the majority of the relief Aiken seeks is the recovery of money, which Judge Quan expressly refused to address in the unlawful detainer action, the Court finds that Aiken meets the redressability prong.

The Castros also argue that a live controversy no longer exists. However, the unlawful detainer action did not address Aiken's allegations concerning the Castros' harassment or breach of the leasing agreement. Because Aiken can still prevail on those claims, the Court finds a live controversy does exist. Accordingly, the Court concludes the matter is not moot.

## III. CONCLUSION

Finding that a live controversy exists and that the case is not moot, the Court DENIES the Castros' Motion to Dismiss under Guam Rule of Civil Procedure 12(b)(1).

ORIGINAL

SO ORDERED this 22d day of November 2019.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Parties:

Morgan Aiken III, *pro se*

Minakshi V. Hemlani, Law Offices of Minakshi V. Hemlani, P.C., for Defendants Catherine M.R. Castro and Edward Castro

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

M. Hemlani

Date: 11/22/19   Time: 4:30pm

Clerk, Superior Court of Guam

ORIGINAL